IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DeANDRE D. CURRINGTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:15-CV-533-WKW |
| | ) |
| MAYOR BLACKWELL, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by DeAndre D. Currington ("Currington"), an indigent inmate presently confined at the Dale County Jail. In the complaint, Currington challenges the constitutionality of actions relative to a criminal charge pending against him for theft of property. *Complaint - Doc. No. 1* at 3. Specifically, Currington asserts that the criminal charge is subject to dismissal as he was not provided a timely initial hearing, and further argues that there is no evidence to support the charge. *Id.* Currington seeks dismissal of the theft of property charge and monetary damages. *Id.* at 4.

Upon thorough review of the complaint, the court concludes that this case is due to be summarily dismissed prior to service of process in accordance with the provisions of 28

U.S.C. § 1915(e)(2)(B)(ii).[1]

## II.  DISCUSSION

Currington seeks intervention by this court into criminal proceedings currently pending before the municipal court of Ozark, Alabama.  Under the decision issued by the United States Supreme Court in *Younger v. Harris*, 401 U.S. 37, 43-44 (1971), a federal court must refrain from interfering with pending state or municipal criminal proceedings "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief."  The *Younger* abstention doctrine is premised upon a fundamental "public policy against federal interference with state criminal prosecutions." *Id*. at 43.  In this case, Currington has an adequate remedy at law regarding any claims arising from the pending criminal charge because he may pursue these claims through the state court system in the on-going criminal proceedings -- i.e., he may seek relief from the municipal court, appeal any decision of the municipal court to the Circuit Court of Dale County, Alabama, and challenge any decisions of the circuit court on appeal to the state appellate courts. *See generally Doby v. Strength*, 758 F.2d 1405 (11th Cir. 1985).  Moreover, the plaintiff has not alleged the existence of any special circumstance which creates a threat of irreparable harm.  The mere fact that Currington must endure

---

[1] The court granted Currington leave to proceed *in forma pauperis* in this case.  *Order of July 24, 2015 - Doc. No. 3*.  A prisoner who is allowed to proceed *in forma pauperis* will have his complaint screened under the provisions of 28 U.S.C. § 1915(e)(2)(B) which requires this court to dismiss a prisoner's complaint if it determines that the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

municipal/state criminal proceedings fails to demonstrate irreparable harm. *Younger*, 401 U.S. at 45. This court is therefore compelled to abstain from considering the merits of Currington's claims, which place into question the validity of the pending criminal charge as these claims are not cognizable in a 42 U.S.C. § 1983 action at this time. *Id*. at 43-44. Consequently, dismissal of this case is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's request for intervention by this court into the pending state criminal proceedings be DISMISSED without prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

2. This case be dismissed without prejudice prior to service of process.

It is further

ORDERED that on or before August 26, 2015, the parties may file objections to this Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the

Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 12th day of August, 2015.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE